**THE ATKIN FIRM, LLC**
Formed in the State of New Jersey
By: John C. Atkin, Esq.
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 285-3239
Fax: (833) 693-1201
JAtkin@atkinfirm.com
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN DOE subscriber assigned IP address 73.197.211.105,<br><br>        Defendant. | Civil Case No. 3:19-cv-14085-FLW-DEA<br><br>**MOTION RETURN DATE:**<br>September 3, 2019<br><br>*Document Filed Electronically* |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO THE RULE 26(f) CONFERENCE**

**THE ATKIN FIRM, LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Tel.: (973) 285-3239
Fax: (833) 693-1201
*Attorneys for Plaintiff,*
*Strike 3 Holdings, LLC*

Of Counsel and on the brief:
    John C. Atkin, Esq.

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1
II. FACTS .................................................................................................................3
   A. Strike 3 is a Victim of Rampant Copyright Infringement Perpetrated Through The Use of BitTorrent .......................................................................3
   B. Plaintiff Brings Its Litigation in Good Faith ....................................................5
III. ARGUMENT........................................................................................................6
   A. Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant .....................................................................................6
   B. There Is Good Cause for this Court to Grant Strike 3's Motion for Leave to Serve Its Subpoena ............................................................................................7
      1. Strike 3's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement ................................................................................................7
      2. Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve John Doe Defendant..............................9
      3. There Are No "Alternative Means" to Uncover John Doe Defendant's True Identity ..............................................................................................10
      4. The Subpoenaed Information Is Necessary to Advance Strike 3's Infringement Claim ...................................................................................11
      5. John Doe Defendant's Minimum Privacy Interest Is Substantially Outweighed by Strike 3's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers ..................................................................................12
   C. Protective Order...............................................................................................13
IV. CONCLUSION...................................................................................................14

# TABLE OF AUTHORITIES

**Cases**
*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) ..............8
*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) ...........................9
*Canal St. Films v. Does 1-22*, No. 13-0999, 2013 WL 1775063 (M.D. Pa. Apr. 25, 2013) ................................................................................................................ 7, 11
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).......................7
*John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) 10
*K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722 (E.D. Pa. Jan. 30, 2012) ......6
*Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923 (E.D. Pa. May 31, 2013) .................................................................................................... 6, 8, 10
*Malibu Media, LLC v. John Doe 1*, No. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013) ......................................................................................................13
*Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012)................................................................................. 9, 10, 11, 13
*Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012)...................................................................................................11
*Patrick Collins, Inc. v. John Doe*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) ........9
*Patrick Collins, Inc. v. John Does 1-11*, No. 12-3146, 2013 WL 395497 (E.D. Pa. Jan. 31, 2013)....................................................................................................12
*Raw Films, Ltd. v. John Does 1-15*, No. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012)............................................................................................... 9, 12
*Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) 12
*Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.44.241.209*, No. 17-1680, 2017 WL 5001474 (D. Conn. Nov. 1, 2017)...................................7
*United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010) ..................................12

**Statutes**
17 U.S.C. § 106(1) ...................................................................................................8

**Other Authorities**
*American Registry for Internet Numbers Number Resource Policy Manual* ..........10
*Beginner's Guide to Internet Protocol (IP) Addresses*...........................................10
Dylan Love, *The Most-Pirated Man in Porn Is Getting Angry*, INVERSE (May 24, 2017), https://www.inverse.com/article/31350-greg-lansky-tushy-blacked-vixen-interview .............................................................................................................1
Dylan Love, *The Most-Pirated Man in Porn Is Getting Angry*, INVERSE (May 24, 2017), https://www.inverse.com/article/31350-greg-lansky-tushy-blacked-vixen-interview .............................................................................................................1

Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal
    Division Before The Committee On Judiciary Subcommittee On Crime,
    Terrorism, And Homeland Security United States House Of Representatives,
    (January 2011) at
    http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/2
    5/11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-
    investigating-internet-child-pornography-and-other-internet-crimes.pdf ..............2

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully moves for leave to serve a third-party subpoena prior to the Rule 26(f) conference.

Strike 3 is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites.[1] Unfortunately, Strike 3's success has led users on the Internet to illegally infringe its works on a very large scale. Indeed, Strike 3's motion pictures are among the most infringed content in the world.[2]

Strike 3 hired an investigator, IPP International U.G., to monitor and detect the infringement of Strike 3's content. IPP discovered that John Doe Defendant's IP address was illegally distributing several of Strike 3's motion pictures. Strike 3's independent forensic expert, John S. Pasquale, reviewed the evidence captured by IPP and confirmed Defendant's IP address was involved in an infringing transaction at the exact date and time reported by IPP. *See generally* Declaration of John S. Pasquale, attached hereto as Exhibit "C."

---

[1] *See generally* Declaration of Greg Lansky hereto attached as Exhibit "A."

[2] *See id.* at ¶ 25; *see also* Dylan Love, *The Most-Pirated Man in Porn Is Getting Angry*, INVERSE (May 24, 2017), https://www.inverse.com/article/31350-greg-lansky-tushy-blacked-vixen-interview.

Strike 3 only knows John Doe Defendant by his or her IP address. This IP address is assigned to John Doe Defendant by his or her Internet Service Provider ("ISP"), which is the only party with the information necessary to identify John Doe Defendant by correlating the IP address with John Doe Defendant's identity. As a result, Strike 3 now seeks leave to serve limited, immediate discovery on John Doe Defendant's ISP, Comcast Cable Communications, LLC (Comcast Cable), so that Strike 3 may learn John Doe Defendant's identity, investigate John Doe Defendant's role in the infringement, and effectuate service. Further impelling expediency, John Doe Defendant's ISP only maintains the internal logs of the requested information for a brief period of time.[3]

Accordingly, Strike 3 seeks leave of Court to serve a Rule 45 subpoena on John Doe Defendant's ISP. This subpoena will only demand the true name and address of John Doe Defendant. Strike 3 will only use this information to prosecute the claims made in its Complaint. Without this information, Strike 3

---

[3] *See, e.g.*, Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives, (January 2011) [hereinafter "Statement of Jason Weinstein"] at http://www.justice.gov/sites/default/files/testimonies/witnesses/attachments/01/25/ 11//01-25-11-crm-weinstein-testimony-re-data-retention-as-a-tool-for-investigating -internet-child-pornography-and-other-internet-crimes.pdf, stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

cannot serve John Doe Defendant nor pursue this lawsuit and protect its copyrights.

## II. FACTS

### A. Strike 3 is a Victim of Rampant Copyright Infringement Perpetrated Through The Use of BitTorrent

Greg Lansky ("Mr. Lansky") is a member of General Media Systems, LLC, ("GMS"), the parent company that owns Strike 3. *See* Lansky Decl. at ¶ 1. Strike 3 is the holding company established by GMS to hold title to the intellectual property associated with the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* adult brands (the "Brands"), including the copyrights to each of the motion pictures distributed through the Brands' sites and the trademarks to each of the Brand's names and logos. *Id.* at ¶ 3. Strike 3 is owned entirely by Mr. Lansky's company, GMS, and has existed since 2015. *Id.*

Mr. Lansky is the creator of the Brands. *Id.* at ¶ 1. Mr. Lansky moved to the United States from Paris to pursue his dream of creating art in an adult context. *Id.* at ¶ 4. He has always been passionate about photography and cinematography. *Id.* It was a difficult start. Mr. Lansky, who barely spoke English, had trouble making connections and finding employment. *Id.* at ¶ 5. Eventually, after tremendous hard work, Mr. Lansky was fortunate to be hired by some of the most successful adult brands in the world. *Id.* at ¶ 6. Through these experiences, Mr. Lansky was able to establish himself and become an expert in the field. *Id.*

In 2013, Mr. Lansky decided to risk everything to create his own company and studio. *Id.* at ¶ 7. After a few years, his brands turned into a multi-million dollar a year business. *Id.* at ¶ 11. His philosophy is to pay artists and models an amount above that being paid by other companies, focusing on delivering superior quality films. *Id.* at ¶¶ 12–13. Moreover, Strike 3's motion pictures are known for having the highest production budget of any in the adult industry. *Id.* at ¶ 15.

Because of this commitment to quality, the websites for the Brands have a subscriber base that is one of the highest of any adult sites in the world, with 20 million visitors to its websites per month, and have a loyal following. *Id.* at ¶ 11. Strike 3 is also currently the number one seller of adult DVDs in the United States. *Id.* at ¶ 17. Finally, Strike 3's content is licensed throughout the world, including by most major cable networks. *Id.* at ¶ 18. This success has led to numerous awards being bestowed upon Strike 3, such as "adult site of the year," "best marketing campaign – company image," and "best cinematography." *Id.* at ¶ 19. Mr. Lansky himself has also won "director of the year" several times. *Id.*

Unfortunately, piracy is a major threat and causes tremendous damage to Strike 3. As Mr. Lansky succinctly puts it, Strike 3 "can compete in the industry, but we cannot compete when our content is stolen." *Id.* at ¶ 22. To continue to provide value for members, exciting and inspiring projects for adult performers,

4

and to continue to create top paying jobs and growth in the adult community, Strike 3 must protect its copyrights. *Id.* at ¶ 29.

B. <u>Plaintiff Brings Its Litigation in Good Faith</u>

Strike 3 is mindful of the nature of the litigation and its goal is to not disclose publicly the choices that people make regarding the content they wish to enjoy. Moreover, Strike 3 does not seek to force anyone to settle unwillingly, especially anyone that is innocent. *Id.* at ¶ 28. Therefore, Strike 3 only files strong cases against extreme infringers. *Id.* at ¶ 29. Indeed, each lawsuit is brought against infringers that not only engage in illegal downloading, but are also large scale unauthorized distributors of Strike 3's content. *Id.* Strike 3 does not seek settlements unless initiated by a defendant or a defendant's counsel. *Id.* at ¶ 30. Moreover, Strike 3 does not send demand letters nor make any attempt to contact a defendant prior to service of the Complaint. *Id.* Finally, although certainly Strike 3 does not believe anyone should be embarrassed about enjoying Strike 3's works (they just need to pay for that right, not steal it), Strike 3 respects the desire of defendants to keep private their choices regarding the content they choose to enjoy. Accordingly, Strike 3 has a policy to: (1) enter into confidentiality agreements with defendants to facilitate resolution of a case; and (2) stipulate to requests by defendants to the entry of orders in litigation to maintain the confidentiality of a defendant's identity. Thus, Strike 3 is careful to only proceed to litigation with

strong cases, when it has a good faith basis for doing so, and to enforce its rights in a way that is mindful of a defendant's privacy interests.  *Id.* at ¶ 31.

Strike 3 is a successful adult entertainment company that makes nearly all of its revenue from sales of subscriptions, DVDs and licenses.  *Id.* at ¶ 32.  Strike 3's goal is to deter piracy (and seek redress for its harmful consequences) and direct those who infringe content to the avenue of legitimately acquiring access to Strike 3's works.  *Id.*

**III. ARGUMENT**

A. <u>Legal Standard Governing Expedited Discovery Requests To Identify An Anonymous Defendant</u>

Cases such as this one are the paradigm for when leave to conduct pre-Rule 26(f) conference discovery should be allowed.  "Ordinarily, a party may not seek discovery prior to a Rule 26(f) conference absent a court order. [However], [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *K-Beech, Inc. v. Doe*, No. 11-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012).

"Good cause exists to allow the issuance of a subpoena at this early stage where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) the defendant has a minimal

6

expectation of privacy." *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). "Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Canal St. Films v. Does 1-22*, No. 13-0999, 2013 WL 1775063, at *3 (M.D. Pa. Apr. 25, 2013). Strike 3 has good cause for such early discovery. *See, e.g.*, *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.44.241.209*, No. 17-1680, 2017 WL 5001474 (D. Conn. Nov. 1, 2017) (finding Plaintiff had established good cause after weighing all five factors).

> B. There Is Good Cause for this Court to Grant Strike 3's Motion for Leave to Serve Its Subpoena
>
> > 1. Strike 3's Complaint Makes A Prima Facie Claim for Direct Copyright Infringement

To make a prima facie claim for copyright infringement of Strike 3's motion pictures at issue in this litigation (hereinafter the "Works"), *see* Compl. Ex. A [ECF No. 1-1], Strike 3 must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Strike 3's Complaint accomplishes this, alleging: (1) "Plaintiff is the owner of the Works, which [are] an original work of authorship"; (2) "[d]efendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol"; and (3) "[a]t no point in time did

7

Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *See* Compl. at ¶¶ 35–37 [ECF No. 1].

Strike 3 owns a valid copyright in the Works, which are registered with the United States Copyright Office. *See* 17 U.S.C. § 410(c); *see also* Compl. at ¶¶ 31–33 [ECF No. 1]. Strike 3's prima facie allegations of infringement are attested to by Strike 3's investigator, IPP International U.G.'s employee, Tobias Fieser. *See* Declaration of Tobias Fieser, Exhibit "B." Finally, each digital file has been verified to be a copy of one of Strike 3's copyrighted Works. *See* Declaration of Susan B. Stalzer, Exhibit "D."

Strike 3 has also made a plausible prima facie showing of "copying." "'The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights' described in § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Strike 3's Complaint alleges that John Doe Defendant not only downloaded Strike 3's Works over the BitTorrent network, *see* 17 U.S.C. § 106(1), but also distributed these files to the BitTorrent swarm. *See id.* § 106(3); *see also* Compl. at ¶ 38 [ECF No. 1].

Courts in this Circuit have consistently found that a plaintiff has satisfied this prima facie showing in analogous complaints, especially when, as here, the Complaint is supported by the declaration of an "investigator concerning the alleged infringement by the defendant." *See Malibu Media, LLC*, No. 13-2864,

2013 WL 2392923 at *1; *see also* Exhibit "B." "Indeed, every court to have addressed this issue has found a sufficiently alleged copyright infringement claim based on BitTorrent technology, even when the defendant was merely identified with an IP address." *Patrick Collins, Inc. v. John Doe*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) (discussing the sufficiency of the complaint under Rule 12(b)(6)); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) ("The fundamental copyright principles are clear.").

    2.    *Plaintiff Identifies the Limited and Specific Information Its Subpoena Seeks That Is Necessary to Serve John Doe Defendant*

Strike 3's request is also sufficiently specific so as to support a finding of good cause. As in other matters in which good cause existed to permit pre-Rule 26(f) Conference discovery, here Strike 3 "seeks only the name, address … of Defendant" which is "sufficiently specific to identify the persons so that they can be properly served." *Malibu Media, LLC v. John Does 1-15*, No. 12-2077, 2012 WL 3089383, at *7–8 (E.D. Pa. July 30, 2012) (citing *Raw Films, Ltd. v. John Does 1-15*, No. 11-7248, 2012 WL 1019067, at *7 (E.D. Pa. Mar. 26, 2012)). "The subpoena is specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply." *Raw Films, Ltd.*, No. 11-7248, 2012 WL 1019067 at *7 (denying motion to quash subpoena). "[A]lthough the provision of this information may not directly identify

the proper defendants, it is sufficiently tailored to lead to the identification of those individuals." *Id.*

> 3. There Are No "Alternative Means" to Uncover John Doe Defendant's True Identity

At this early stage in litigation, Strike 3 has a limited view into John Doe Defendant's true identity, only having access to the offending IP address. *See John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012) ("BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address."). People using the Internet are anonymous to the public, but the ISPs responsible for assigning any given IP address "know who an address is assigned to and how to get in contact with them."[4] ISPs' records "are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense."[5]

"There is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider." *Malibu*

---

[4] *Beginner's Guide to Internet Protocol (IP) Addresses* at p. 4, available at https://www.icann.org/en/system/files/files/ip-addresses-beginners-guide-04mar11-en.pdf.; *American Registry for Internet Numbers Number Resource Policy Manual* at 4.2, available at https://www.arin.net/policy/nrpm.html#four2.

[5] Statement from Jason Weinstein, n.3, *supra*.

*Media, LLC*, No. 13-2864, 2013 WL 2392923 at *1; *see Malibu Media, LLC*, No. 12-2077, 2012 WL 3089383 at *7–8 (recognizing that there was not "any available alternative" for the plaintiff to obtain the subpoenaed for information). Since there is no public registry of what IP addresses correspond to which subscribers, Plaintiff's subpoena is necessary to advancing litigation. "[T]he only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address [is Defendant's ISP.]" *See* Exhibit "C." Since Strike 3 "cannot identify [Doe Defendant] without a court-ordered subpoena, . . . there is good cause to allow for early discovery." *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171–72 (S.D.N.Y. 2012).

    4.    *The Subpoenaed Information Is Necessary to Advance Strike 3's Infringement Claim*

As previously emphasized, Strike 3 cannot properly serve John Doe Defendant without first obtaining the subscriber's identity from his or her ISP. "Plaintiff asserts that, because the protocol does not have a central server, the only way Plaintiff can prevent the continued illegal reproduction and distribution of its work is to take legal action. Thus, identifying and serving the alleged infringers is the only method through which Plaintiff can protect its copyright interests." *Canal St. Films*, No. 13-0999, 2013 WL 1775063, at *3.

"[T]he identity of the defendant is critical to the ability of the plaintiff to serve process on defendant and proceed with the litigation." *Malibu Media, LLC*,

No. 12-2077, 2012 WL 3089383 at *8. "Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process." *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). Indeed, without receiving John Doe Defendant's identity, Strike 3 cannot proceed with its lawsuit.

> 5. *John Doe Defendant's Minimum Privacy Interest Is Substantially Outweighed by Strike 3's Interest in Protecting Its Copyrights from Mass BitTorrent Infringers*

Finally, John Doe Defendant's privacy interest is minimal and outweighed by Strike 3's interest in protecting its copyrights. Indeed, the Third Circuit has held that subscribers do not have a privacy interest in their IP address because it is conveyed to a third party: the ISP. *See United States v. Christie*, 624 F.3d 558, 574 (3d Cir. 2010) (affirming the holding in the district court that appellant "had no reasonable expectation of privacy in his IP address"), *cert. denied*, 562 U.S. 1236 (2011).

"[C]ourts analyzing the expectation of privacy possessed by internet users engaging in online file-sharing have concluded that such expectation is at most minimal because those individuals have already voluntarily given up certain information by engaging in that behavior." *Patrick Collins, Inc. v. John Does 1-11*, No. 12-3146, 2013 WL 395497, at *4 (E.D. Pa. Jan. 31, 2013); *see also Raw*

*Films, Ltd.*, No. 11-7248, 2012 WL 1019067, at *8 ("A Doe defendant who has allegedly used the internet to unlawfully download and disseminate copyrighted material does not have a significant expectation of privacy."). "Additionally, since internet subscribers have already voluntarily conveyed their subscriber information-name, address and phone number-to their internet service provider, courts have been reluctant to find any reasonable expectation of privacy." *Malibu Media, LLC*, No. 12-2077, 2012 WL 3089383 at *8. "[I]t is hard to understand just what privacy expectation [Doe Defendant] has after essentially opening up the computer to the world." *Id.* (citation and internal quotation marks omitted).

    C.    <u>Protective Order</u>

In some BitTorrent cases involving adult content, courts have found it appropriate to issue a protective order establishing procedural safeguards such as allowing a defendant to proceed anonymously. *See, e.g.*, *Malibu Media, LLC v. John Doe 1*, No. 12-2078, 2013 WL 30648, at *1 (E.D. Pa. Jan. 3, 2013). Strike 3 respectfully encourages the Court to establish such procedures here, should the Court find it appropriate.

## IV. CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests this Court grant leave for Strike 3 to issue a Rule 45 subpoena to John Doe Defendant's ISP.

DATED: 08/08/2019

Respectfully submitted,

**THE ATKIN FIRM, LLC**

*Attorneys for Plaintiff,*
*Strike 3 Holdings, LLC*

By: */s/ John C. Atkin, Esq.*
     JOHN C. ATKIN